UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA C.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:21-cv-05178-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4. This matter is fully briefed. *See* Dkts. 11, 15, 16.

The parties agree the ALJ erred when evaluating plaintiff's claim for disability benefits; however, plaintiff requests remand with an immediate award of benefits, while defendant requests remand for further Administrative proceedings.

Although it is unfortunate plaintiff's disability claim has been pending since 2013 and has been sent back to the Administration by this Court multiple times, further Administrative proceedings by an ALJ would be useful. Simply because improperly discredited evidence, if credited as true, demonstrates plaintiff was disabled does not mean that such improperly discredited evidence *should* be credited as true. Based on this Court's review of the record,

ORDER - 1

although plaintiff's arguments regarding her PTSD and medical opinions regarding limitations are persuasive, it is the role of the ALJ to translate medical opinions into specific functional limitations in a residual functional capacity ("RFC"). Although the Court has discretion in this matter, it generally does not serve as a factfinder for such determinations. As such, this matter should be reversed and remanded for further Administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On January 3, 2013, plaintiff filed an application for DIB, alleging disability as of March 1, 2011. *See* Dkt. 9, Administrative Record ("AR") 164. The application was denied on initial administrative review and on reconsideration; and, following a hearing, was denied in a written decision later reversed by the District Court for the Western District of Washington. *See* AR 349-50, 673. Following further hearing by the Administration, an additional denial in a written decision also was reversed by the District Court. *See* Open 2 (citing AR 268-88, 292-317, 778-94).

Pursuant to Order by the Appeals Council, a hearing was held on March 12, 2020 before a new Administrative Law Judge ("ALJ"), ALJ Virginia M. Robinson ("the ALJ"). *See* AR 673. In a decision dated January 11, 2021, the ALJ determined plaintiff to be not disabled. *See* AR 670-84. The ALJ's January 11, 2021 decision is the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 673; 20 C.F.R. § 404.981, § 416.1481.

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by failing to evaluate properly: (1) the medical evidence; (2) a lay witness statement; and (3) the combined effects of all of plaintiff's impairments when assessing plaintiff's residual functional capacity ("RFC")[1].

---

[1] Plaintiff also raises a Constitutional issue; however, deciding such is not necessary for this decision and hence it will not be addressed. *See* Open 1, 17.

ORDER - 2

"Open," Dkt. 11, p. 1. Plaintiff "urges the Court to reverse the ALJ's decision and remand the case for an award of benefits." *Id*. In defendant's Response, defendant concedes errors in the ALJ's decision, but requests remand for further proceedings. *See* Dkt. 15, "Response," 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## DISCUSSION

**I.     The ALJ erred when evaluating plaintiff's disability claim.**

In defendant's response, defendant concedes errors in the ALJ's decision. *See* Dkt. 15, "Response," 1. Defendant requests remand for further proceedings, and recommends on remand the ALJ:

- Conduct a new hearing, further develop the record and issue a new decision;
- Reevaluate and further develop the medical opinion evidence of record;
- Reevaluate the lay witness evidence of record;
- Reevaluate steps two and three of the sequential evaluation process;
- Reevaluate Plaintiff's alleged symptom complaints;
- Reevaluate Plaintiff's residual functional capacity (RFC) pursuant to SSR 96-8p; and
- Reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert if needed.

Response 2. For the reasons discussed herein, the Court finds this recommendation persuasive.

ORDER - 3

**II.      This Court should not reverse with a direction to award benefits.**

The burden is on a claimant to demonstrate disability within the meaning of the Social Security Act. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one an ALJ has erred when considering such medical evidence or plaintiff's testimony, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id*.

This issue often resolves to whether the Court determines the record is fully developed and no useful purpose would be served by having further Administrative proceedings. *See id*. Especially in such circumstances with the additional context of an older case repeatedly reversed by the District Court, if the ALJ "has failed to provide legally sufficient reasons for rejecting evidence  ….  and [] if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *See* Dkt. 16, Reply 1 (citing *Gardner v. Berryhill*, 856 F.3d 652, n.3 (9th Cir. 2017) (internal and other citations omitted)). However, simply because the ALJ has improperly discredited evidence, and crediting such evidence would require a finding of disability, it does not necessarily follow that such evidence *should* be

ORDER - 4

1  credited as true. Here, in this matter before the Court currently, the issue is whether having
2  further Administrative proceedings serves a useful purpose by resolving currently unresolved
3  issues, namely conflicts in the medical evidence.
4      In plaintiff's Reply, plaintiff cites a December 23, 2013 letter from Dr. Eric H Jensen,
5  MD, noting "the 'uncontrollable temper' and violent behavior of plaintiff's former husband,
6  including bending her thumb which resulted in surgery for a 'trigger thumb' that was
7  ineffective." *See* Reply 3 (citing AR 260, 665). The Court (again) finds persuasive the basis for
8  the diagnosis of PTSD set forth by Dr. Jensen in his letter, including the day-to-day fear of
9  domestic violence due to the reported physical and verbal abuse, including violent beatings. *See*
10 AR 260; *see also* AR 791. The Court recognizes plaintiff's disappointment "in 2021 that an ALJ
11 who reviews multiple facts establishing significant domestic violence which resulted in a PTSD
12 diagnosis [attempts to] effectively claim that the impairment is nonexistent because it is only
13 "'situational.'" *See* Open 9-10 (citation omitted). In addition, the Court finds persuasive
14 plaintiff's arguments regarding the improper rejection of the opinions from Dr. Garfield about
15 plaintiff's physical functional limitations. *See* Reply 4 (citing AR 221-29). However, although
16 the Court has discretion, it does not generally serve as a factfinder in appeals of rejections of
17 disability claims. *See, e.g., Brown-Hunter v. Colvin*, 798 F.3d 749, 754 (9th Cir. 2015) (quoting
18 *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015)). Importantly, regarding relevant conflicts in
19 this matter, defendant notes "Norman Staley MD reviewed the record and opined plaintiff could
20 perform light work with frequent fingering in her right hand [and] Cynthia Collingwood PhD and
21 Eugene Koester PhD also reviewed the record and opined plaintiff had moderate social
22 limitations but not more than mild limitations in activities of daily living and in maintaining
23 concentration, persistence or pace." Response 5 (internal citation to AR 70-80, 82-93, 680-81,

ORDER - 5

682); *see also id*. at 6 ("physicians are not qualified to express opinions on vocational matters that are outside of their certified medical expertise [:] 20 CFR section 404.1527(e) states that medical source opinions regarding a claimant's disability are opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of the case") (other citation omitted).

The Court has reviewed the evidence of record and concludes that a useful purpose would be served by a remand to the Administration for further delineation of specific functional limitations of plaintiff when taking into appropriate account the noted medical opinions.

Based on a review of the record, the Court concludes the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter is reversed for further Administrative proceedings, not with a direction to award benefits, and including a *de novo* hearing where the ALJ shall:

- Further develop the record and issue a new decision;
- Reevaluate and further develop the medical opinion evidence of record;
- Reevaluate the lay witness evidence of record;
- Reevaluate steps two and three of the sequential evaluation process;
- Reevaluate Plaintiff's alleged symptom complaints;
- Reevaluate Plaintiff's residual functional capacity (RFC) pursuant to SSR 96-8p; and
- Reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert if needed.

## CONCLUSION

Based on the foregoing discussion, the Court agrees with the parties the ALJ improperly determined plaintiff to be not disabled. However, a specific determination of plaintiff's RFC

ORDER - 6

based on her diagnosis of PTSD, and mental and physical limitations opined by her doctors, should be determined properly by the Administration in the first instance in this matter.

Therefore, the ALJ's decision is reversed and remanded for further Administrative proceedings in accordance with the findings contained herein.

Dated this 11th day of January, 2022.

David W. Christel
United States Magistrate Judge