UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA IRENE CRAWFORD,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | CASE NO. 3:21-CV-5178-DWC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On January 11, 2022, the Court determined, based on the parties' agreement, that the Administrative Law Judge ("ALJ") erred when evaluating Plaintiff's claim for disability benefits. Dkt. 17.[1] The Court concluded further administrative proceedings by an ALJ would be useful and remanded the case for further proceedings, rather than for an award of benefits. *Id*. The Court entered judgment for Plaintiff on the same date. Dkt. 18. Plaintiff has filed a timely

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

Motion for Reconsideration arguing the Court committed "manifest error" when it declined to award benefits. Dkt. 20.

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted).[2] "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' " *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In reaching its decision, the Court considered the record as a whole and the arguments of the parties, including Plaintiff's previously raised arguments requesting remand for an award of benefits. *See* Dkt. 17; *see also* Dkt. 11, 16. The Court noted that several of Plaintiff's arguments were persuasive; however, the Court determined there were conflicts in the record and a useful purpose would be served by remanding this case to the Social Security Administration for further administrative proceedings. Dkt. 17. In the Motion for Reconsideration, Plaintiff has merely reiterated and expanded on arguments previously before the Court. *See* Dkt. 20. She has not presented the Court with newly discovered evidence, shown the Court committed clear error, or shown there is an intervening change in the controlling law.

---

[2] "[A] timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e)." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004).

1 | The Court considered the record as a whole, including Plaintiff's arguments, when
2 | reaching its decision. Plaintiff has failed to show the Court committed clear legal error.
3 | Accordingly, Plaintiff's Motion for Reconsideration (Dkt. 20) is denied.
4 | Dated this 31st day of January, 2022.

*[Signature]*

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3